# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| DARREL E. DOWNING, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 09-CV-182-TCK-TLW ) |
| MIKE MULLIN, Warden, | ) ) |
| Respondent. | ) |

## OPINION AND ORDER

Before the Court is Respondent's motion to dismiss petition for habeas corpus as time barred by the statute of limitations (Dkt. # 5). Petitioner, a state inmate appearing *pro se*, filed a response (Dkt. # 11) to the motion to dismiss, along with a supporting brief (Dkt. # 12) and supporting exhibits (Dkt. # 13). Respondent's motion is premised on 28 U.S.C. § 2244(d) (imposing a one-year limitations period on habeas corpus petitions). For the reasons discussed below, the Court finds that the motion to dismiss should be granted in part and denied in part: Petitioner's first and second propositions of error challenging the validity of his guilty plea are time-barred and shall be dismissed with prejudice; his third proposition of error, while not time-barred, is not cognizable on habeas corpus review and shall be denied.

## *BACKGROUND*

Petitioner challenges his conviction entered in Rogers County District Court, Case No. CF-2003-265. See Dkt. # 1, Ex. A. The record reflects that on May 26, 2005, the state district court sentenced Petitioner after accepting his blind plea of guilty to First Degree Rape. See id.; Dkt. # 12, Ex. B. He was sentenced to twelve (12) years imprisonment and ordered to appear on May 11, 2006, for a Judicial Review hearing. See Dkt. # 1, Ex. A. Petitioner did not file a motion to withdraw his

plea and did not otherwise perfect an appeal to the Oklahoma Court of Criminal Appeals ("OCCA"). See Dkt. # 6, Ex. 1 at 2.

On July 11, 2005, officials of the Oklahoma Department of Corrections ("DOC") conducted a sentence "Adjustment Review" with Petitioner. See Dkt. # 6, Ex. 2. At that time, Petitioner was made aware that his sentence would be administered pursuant to the "85 % Rule."[1] Id. He signed the "Adjustment Review" form, acknowledging receipt of the information contained therein. Id.

On May 11, 2006, the state district court began judicial review proceedings. See Dkt. # 6, Ex. 1. The hearing was completed on February 22, 2007. Id. At that time, Petitioner's sentence was modified to 12 years imprisonment, with 30 months suspended. Id.

On December 17, 2007, Petitioner filed an application for post-conviction relief requesting an appeal out of time. Id. On May 30, 2008, the state district court held a hearing on the application. See Dkt. # 13, attached transcript. Petitioner was represented by attorney Janice M. Steidley. Id. The court denied the application by order filed June 26, 2008. See Dkt. # 1, Ex. C. Petitioner appealed to the OCCA, and by order filed January 21, 2009, in Case No. PC-2008-697, the OCCA affirmed the district court's denial of post-conviction relief. See Dkt. # 1, Ex. D; Dkt. # 6, Ex. 1.

Petitioner commenced this habeas corpus action on April 3, 2009. See Dkt. # 1. In grounds one and two of his petition, Petitioner asserts that his plea was involuntary and that he received ineffective assistance of counsel because neither the trial court nor his attorney explained the effect

---

[1]Effective July 1, 1999, a person committing one of an enumerated list of felonies, see Okla. Stat. tit. 21, § 13.1, on or after March 1, 2000, and convicted of the offense "shall serve not less than eighty-five percent (85%) of the sentence of imprisonment imposed within the Department of Corrections. Such person shall not be eligible for parole consideration prior to serving eighty-five percent (85%) of the sentence imposed and such person shall not be eligible for earned credits or any other type of credits which have the effect of reducing the length of the sentence to less than eighty-five percent (85%) of the sentence imposed." Okla. Stat. tit. 21, § 12.1.

of the 85% Rule on service of his sentence. See Dkt. # 1. In ground three, Petitioner claims that the state courts unreasonably applied state law to deny his request for post-conviction relief. Id. In response to the petition, Respondent argues that consideration of Petitioner's claims is precluded by the one-year statute of limitations provided at 28 U.S.C. § 2244(d). See Dkt. # 5.

## *ANALYSIS*

The AEDPA, enacted April 24, 1996, established a one-year limitations period for habeas corpus petitions as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d). In general, the limitations period begins to run from the date on which a prisoner's conviction becomes final, but may also begin to run under the terms of § 2244(d)(1)(B), (C), and (D). Also, the limitations period is tolled or suspended during the pendency of a state application for post-conviction relief properly filed during the limitations period. § 2244(d)(2).

**A. Claim related to Oklahoma's Post-Conviction Procedures Act is not time-barred**

In ground three of his petition, Petitioner challenges post-conviction rulings by the state courts. That claim is timely under § 2244(d)(1)(D) because Petitioner did not know the "factual predicate" of the claim, i.e., that his application for post-conviction relief was denied, until the OCCA entered its order on January 21, 2009. Petitioner filed his habeas petition on April 3, 2009, or within one (1) year of that ruling. Therefore, ground three of the petition is timely.

Nonetheless, Petitioner is not entitled to habeas corpus relief on his ground three claim because it does not involve federal law and, for that reason, is not cognizable on federal habeas corpus review. Petitioner complains that the state courts unreasonably applied state law in finding that his request for post-conviction relief was procedurally barred. See Dkt. # 1 at 6. "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." Estelle v. McGuire, 502 U.S. 62, 67-68 (1991). Although Petitioner claims he was denied equal protection and due process, no constitutional provision requires a state to grant post-conviction review. Pennsylvania v. Finley, 481 U.S. 551, 557 (1987). The question of whether Petitioner should have been granted post-conviction relief under state law does not involve constitutional concerns and is not cognizable in a federal habeas proceeding. Because the issue raised by Petitioner in ground three focuses only on the State's post-conviction remedy and not the judgment which provides the basis for his incarceration, that ground states no cognizable federal habeas claim. Sellers v. Ward, 135 F.3d 1333, 1339 (10th Cir. 1998). Petitioner's request for habeas corpus relief on ground three shall be denied.

**B. Claims challenging validity of guilty plea are time-barred**

In his first proposition of error, Petitioner asserts that because no one explained the effect of the 85% Rule when he entered his guilty plea, his plea was not voluntarily entered. In his second proposition of error, he claims that he received ineffective assistance of counsel. Application of § 2244(d)(1)(A) leads to the conclusion that Petitioner raised these claims after expiration of the one-year limitations period. Because Petitioner failed to file a motion to withdraw his plea of guilty in Case No. CF-2003-265, his conviction became final ten (10) days after pronouncement of his Judgment and Sentence, or on June 6, 2005.[2] See Rule 4.2, *Rules of the Court of Criminal Appeals* (requiring the defendant to file an application to withdraw plea of guilty within ten (10) days from the date of the pronouncement of the Judgment and Sentence in order to commence an appeal from any conviction on a plea of guilty). As a result, his one-year limitations clock for any claim challenging his conviction, including the claims raised in grounds one and two of the instant petition, began to run on June 6, 2005. Absent a tolling event, a federal petition for writ of habeas corpus filed after June 6, 2006, would be untimely. See United States v. Hurst, 322 F.3d 1256 (10th Cir. 2003) (applying Fed. R. Civ. P. 6(a) to calculate AEDPA deadline).

Although the running of the limitations period would be tolled or suspended during the pendency of any post-conviction or other collateral proceeding with respect to the pertinent judgment or claim properly filed during the limitations period, 28 U.S.C. § 2244(d)(2); Hoggro v. Boone, 150 F.3d 1223, 1226 (10th Cir. 1998), Petitioner did not seek any post-conviction relief during the relevant period. The judicial review hearing was commenced on May 11, 2006, or before

---

[2] The tenth day after pronouncement of Petitioner's Judgment and Sentence was Sunday, June 5, 2005. As a result, Petitioner had until Monday, June 6, 2005, to file a motion to withdraw his guilty plea.

the limitations deadline, and concluded on February 22, 2007. That proceeding was not, however, a "post-conviction proceeding" for purposes of tolling the AEDPA limitations period. Nicholson v. Higgins, 147 Fed.Appx. 7, 8 n.2 (10th Cir. 2005) (unpublished) (determining that because motions for judicial review, pursuant to Okla. Stat. tit. 22, § 982a, seek discretionary review and their denial is not appealable, they cannot be construed as applications for post-conviction relief and do not toll the limitations period under § 2244(d)(2)); see also Clemens v. Sutter, 230 Fed.Appx. 832, 834 n.1 (10th Cir. 2007) (unpublished).

Petitioner's application for post-conviction relief was not filed until December 17, 2007, or more than eighteen (18) months after the June 6, 2006, deadline. A collateral petition filed in state court after the limitations period has expired no longer serves to toll the statute of limitations. See Fisher v. Gibson, 262 F.3d 1135, 1142-43 (10th Cir. 2001). As a result, the post-conviction proceeding commenced by Petitioner after expiration of the limitations period did not toll the limitations period. Therefore, this action, commenced on April 3, 2009, appears to be untimely.

Petitioner filed a response (Dkt. # 11) to the motion to dismiss, along with a supporting brief (Dkt. # 12) and supporting exhibits (Dkt. # 13). He admits signing the Adjustment Review form on July 11, 2005, see Dkt. # 6, Ex. 2, acknowledging that his sentence falls under the 85% Rule. See Dkt. # 12. However, he claims that he did not understand that under the 85% Rule, he would be required to serve 85% of his sentence before becoming eligible for parole or prison earned credits. According to Petitioner, he did not acquire that knowledge until after he arrived at Jess Dunn Correctional Center ("JDCC") on July 17, 2007, and gained access to the prison law library. Id. Therefore, he claims that under 28 U.S.C. § 2244(d)(1)(D), his petition is timely. Id. He also alleges

7

that application of the one-year limitations period under the facts of this case violates the Suspension Clause of the United States Constitution. See id.

Petitioner has failed to convince the Court that his one-year limitations period began to run on July 17, 2007, under the terms of 28 U.S.C. § 2244(d)(1)(D). Under that subsection, the one-year period may begin to run on "the date on which the *factual predicate* of the claim . . . presented *could have been discovered through the exercise of due diligence*." 28 U.S.C. § 2244(d)(1)(D) (emphases added). The Court finds that allegations made by Petitioner in this habeas corpus action concerning his knowledge of the 85% Rule are directly contradicted by his own testimony at the state court hearing on his application for post-conviction relief. At that hearing, Petitioner testified that he became aware of the 85 % Rule when he "got to A and R." See Dkt. # 13, attached transcript at 6, 7, 14. Petitioner arrived at Lexington Assessment and Reception Center ("A and R") on June 17, 2005, or one month before he signed the "Adjustment Review" form. See Dkt. # 6, Ex. 2. Furthermore, the "Adjustment Review" form provides compelling evidence that Petitioner discovered the factual predicate of his claim when prison officials reviewed his sentence with him and he signed the form on July 11, 2005.

Petitioner's argument that his one-year period did not begin to run until his arrival at JDCC confuses "factual predicate" with legal significance. Petitioner admits that he discovered the factual predicate for his habeas claims premised on the 85% Rule in June 2005, when he was received into custody of the DOC. Although Petitioner may not have been able to construct the legal arguments asserted in his petition until he conducted his own legal research, knowledge of the legal significance of facts does not trigger application of § 2244(d)(1)(D). See Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (holding that for the limitations period to run, the petitioner must

understand "simply the facts themselves" rather than "the legal significance of these facts"); Owens v. Boyd, 235 F.3d 356, 359 (7th Cir. 2001) ("the trigger in § 2244(d)(1)(D) is (actual or imputed) discovery of the claim's 'factual predicate,' not recognition of the facts' legal significance"). Therefore, § 2244(d)(1)(D) does not apply to make this petition timely. Petitioner's one-year period began to run under § 2244(d)(1)(D), at the latest, on July 11, 2005. The habeas corpus petition, filed more than three (3) years later, on April 3, 2009, is time-barred under § 2244(d)(1)(D).

The statute of limitations contained in § 2244(d) is not jurisdictional and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998); see also Gibson v. Klinger, 232 F.3d 799, 808 (10th Cir. 2000). To be eligible for equitable tolling, a petitioner must make a two-pronged demonstration: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way," Yang v. Archuleta, 525 F.3d 925, 928 (10th Cir. 2008) (quoting Lawrence v. Florida, 549 U.S. 327, 336 (2007)), so as to prevent him from timely filing his habeas petition. A petitioner's burden in making this demonstration is a heavy one: a court will apply equitable tolling only if a petitioner is able to "'show specific facts to support his claim of extraordinary circumstances and due diligence.'" Id. (quoting Brown v. Barrow, 512 F.3d 1304, 1307 (11th Cir. 2008)).

Petitioner has not demonstrated that he pursued his claims diligently; nor has he met the burden of pleading "rare and exceptional circumstances" sufficient to warrant equitable tolling. Gibson, 232 F.3d at 808. Even if Petitioner had been unable to access a "law library" until his transfer to JDCC, he was not prevented from writing to his attorney or seeking post-conviction relief on his claims concerning application of the 85% Rule to his sentence during the two (2) years

9

preceding his transfer. Petitioner's conclusory statements concerning his lack of access to a "law library" are insufficient to demonstrate entitlement to equitable tolling. Miller, 141 F.3d at 978.

Lastly, the Court rejects Petitioner's contention that application of the one-year limitations period, under these circumstances, violates the Suspension Clause. In Miller, 141 F.3d at 976-978, the Tenth Circuit noted that "[w]hether the one-year limitation period violates the Suspension Clause depends upon whether the limitation period renders the habeas remedy 'inadequate or ineffective' to test the legality of detention." Id. at 977 (quoting Swain v. Pressley, 430 U.S. 372, 381 (1977)). The habeas petitioner bears the burden of demonstrating inadequacy and ineffectiveness. Id. Under the facts of this case, application of the one-year limitations period does not violate the Suspension Clause. See Fisher v. Gibson, 262 F.3d 1135, 1145 (10th Cir. 2001); Moton v. Utah, 28 Fed.Appx. 854 (10th Cir. 2001) (unpublished) (stating that "the limitations period, which is not jurisdictional, does not prohibit habeas petitions but simply requires that they be filed within a reasonable time").

The Court concludes that Petitioner's first and second grounds of error, challenging the validity of his guilty pleas and alleging ineffective assistance of counsel, are time-barred. Respondent's motion to dismiss shall be granted as to grounds one and two and those claims shall be dismissed with prejudice.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Respondent's motion to dismiss petition for writ of habeas corpus as time barred by the statute of limitations (Dkt. # 5) is **granted in part** and **denied in part**, as outlined above.
2. Grounds one and two of the petition are time-barred and are **dismissed with prejudice**.

3. Ground three of the petition is not time-barred, but is not cognizable on federal habeas corpus review and is **denied**.

4. This Opinion and Order disposes of all of the claims raised in the petition (Dkt. # 1).

5. A separate Judgment shall be entered in this case.

DATED THIS 15th day of January, 2010.

TERENCE KERN
UNITED STATES DISTRICT JUDGE